FILED by KZ D.C.
ELECTRONIC

Oct 31, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**12-80202-CR-RYSKAMP/HOPKINS**

Case No. _____

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

MICHAEL DEGEN,

        **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The United States Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDA's responsibilities included regulating the manufacture, labeling, and distribution of drugs shipped or received in interstate commerce.

2. The FDCA prohibited knowingly distributing or possessing with intent to distribute human growth hormone for any use in humans other than the treatment of a disease or other recognized medical condition that had been authorized by the Secretary of Health and Human Services and pursuant to the order of a physician. Neither the Secretary of Health and Human Services nor the FDA had approved the use of human growth hormone for anti-aging, body building, or athletic performance enhancement.

3. The FDCA prohibited the introduction or delivery for introduction into interstate commerce of any drug that is adulterated or misbranded. A "misbranded" drug, included, among

other things, a drug the labeling of which did not bear adequate directions for use or adequate warnings against its use.

4. The FDCA required FDA approval for any new prescription drug. All human growth hormones were prescription drugs. The FDA had not approved any human growth hormone manufactured in or imported from China for lawful use in the United States.

5. Corporation 1 was a corporation located in China. GenLei Jintropin was a brand of human growth hormone manufactured by Corporation 1. The FDA had not approved GenLei Jintropin for lawful use in the United States.

6. The defendant, Michael Degen, was a resident of Palm Beach County, Florida.

7. Individual 1 was a resident of Palm Beach County, Florida.

### COUNT 1
### Conspiracy To Unlawfully Distribute Human Growth Hormone and To Smuggle Goods into the United States
### (18 U.S.C. § 371)

1. The General Allegations section of this Information is realleged and incorporated as though fully set forth herein.

2. Beginning no later than in or around August 2005 and continuing through no earlier than on or about November 15, 2007, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL DEGEN,**

did knowingly and willfully combine, conspire, confederate, and agree with Individual 1 and others known and unknown to the United States to commit offenses against the United States, namely,

  a. to knowingly distribute and possess with intent to distribute human growth

hormone for a use in humans other than the treatment of a disease or other recognized medical condition authorized by the Secretary of Health and Human Services and pursuant to the order of a physician, in violation of Title 21, United States Code, Section 333(e)(1); and

    b.    to knowingly import and bring into the United States merchandise, that is, human growth hormone, contrary to law, that is, Title 21, United States Code, Sections 331(a) (prohibiting the introduction into interstate commerce of misbranded drugs, in violation of Title 21, United States Code, Section 352(f)), 331(d) (prohibiting the introduction into interstate commerce of unapproved new drugs in violation of Title 21, United States Code, Section 355), and 333(e) (prohibiting the distribution of human growth hormone for uses other than the treatment of a disease or recognized medical conditions that has been authorized by the Secretary of HHS pursuant to Section 355), in violation of Title 18, United States Code, Section 545.

### PURPOSE OF THE CONSPIRACY

3.    It was the purpose of the conspiracy for the defendant and his conspirators to unlawfully enrich themselves by importing human growth hormone and reselling it to individuals who did not have prescriptions for its use and who used it for an unapproved purpose.

### MANNER AND MEANS

The manner and means by which the conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.    The defendant and Individual 1 purchased GenLei Jintropin from Corporation 1. Corporation 1 shipped the GenLei Jintropin from China to the defendant and Individual 1 in Palm Beach County. The GenLei Jintropin did not bear adequate directions for use or adequate warnings against its use.

5. The defendant and Individual 1 paid a total of at least $39,095 to Corporation 1 for GenLei Jintropin.

6. The defendant and Individual 1 advertised and sold the human growth hormone to individuals for personal use using a web site.

7. The defendant and Individual 1's web site focused on the use of human growth hormone for uses that had not been approved by the Secretary of Health and Human Services, including anti-aging, body building, and athletic performance enhancement.

8. The defendant and Individual 1 did not obtain or verify the existence of physicians' prescriptions or orders authorizing their customers to use human growth hormone.

## OVERT ACT

In furtherance of the conspiracy, and to accomplish its objects and purpose, the conspirators committed and caused to be committed, in Palm Beach County, in the Southern District of Florida, the following overt act, among others:

9. On October 23, 2007, a conspirator shipped a package containing 100 International Units of human growth hormone to a customer.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

Upon conviction of the violation alleged in this Information, the defendant, Michael Degen, shall forfeit to the United States any and all property constituting or derived from any proceeds which the defendant obtained directly or indirectly as a result of this violation.

If any of the forfeitable property described in the forfeiture section of this Information, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

4

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

The property to be forfeited includes $82,600.00 in United States currency seized from the defendant's residence, 9399 Boca River Circle, Boca Raton, Florida on November 15, 2007.

All pursuant to Title 18, United States Code, Section 982(a)(2) and the procedures set forth in Title 21, United States Code, Section 853.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 12-80202-CR-RUSKAMP/Hopkins

vs.

MICHAEL DEGEN,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami    ____ Key West
____ FTL    _X_ WPB    ____ FTP

New Defendant(s)          Yes ____  No ____
Number of New Defendants  ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   NO
   List language and/or dialect ____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)
   I    0 to 5 days      _X_           Petty     ____
   II   6 to 10 days     ____          Minor     ____
   III  11 to 20 days    ____          Misdem.   ____
   IV   21 to 60 days    ____          Felony    _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: N/A
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes  _X_ No

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500796

\*Penalty Sheet(s) attached                                         REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 12-80202-CR- RUSKAMP/HOPKINS

## BOND RECOMMENDATION

DEFENDANT: MICHAEL DEGEN

Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: MARC OSBORNE

Last Known Address: _____

What Facility: _____

Agent(s): S/A HOUSTON RAMSEY
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __MICHAEL DEGEN__

**Case No:** __12-80202-CR-RYSKAMP/HOPKINS__

Count #: 1

Conspiracy to unlawfully distribute human growth hormone and to smuggle goods into the United States

Title 18, United States Code, Section 371

* **Max. Penalty:** 5 Years' imprisonment; $250,000 Fine; 3 years' Supervised Release.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 12-80202 -CR- RUSKAMP/ HOPKINS |
| MICHAEL DEGEN | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

**U.S. MAGISTRATE JUDGE**
*Judge's printed name and title*